**Linda Marie Lemus CANTU, Appellant,**

v.

**Dennis David CANTU, Appellee.**

**No. 04–89–00165–CV.**

Court of Appeals of Texas,
San Antonio.

July 26, 1989.

Sharon Trigo, Laredo, for appellant.

Charles R. Borchers, Person, Whitworth, Ramos, Borchers & Morales, Laredo, Richard R. Orsinger, San Antonio, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

### ON APPELLANT'S MOTION FOR REHEARING

PER CURIAM.

Appellant's motion for rehearing is granted. Our opinion of May 3, 1989, is withdrawn, and the appeal is reinstated.

We dismissed this appeal for want of jurisdiction on May 3, 1989, on the ground that the transcript failed to show that appellant had filed a timely cost bond or a motion for extension of time to file the bond. TEX R.APP.P. 41(a).

Appellant argues in her motion for rehearing that the time time to perfect her appeal had not expired because she did not receive actual notice of the signing of the divorce decree within 20 days of the date of judgment. *See* TEX.R.APP.P. 5(b)(4). She also states that she filed her Rule 5(b)(4)

motion and that the trial court had set it for hearing on May 22, 1989. As of June 6, however, the motion had not been heard.

On June 6, 1989, we ordered the trial court to hold the hearing and to determine the date on which appellant first received notice or had actual knowledge of the signing of the divorce decree.

We have now received the trial court's order from that hearing. The court found that neither appellant nor her attorney received notice of the judgment or acquired knowledge of its signing until January 17, 1989.

January 17, 1989, is more than 20 days after the divorce decree was signed on December 20, 1988. Therefore, pursuant to Rule 5(b)(4), the appellate timetable in this case shall run from January 17, 1989. Appellant's cost bond, now due by April 17, 1989, and filed on March 21, 1989, is timely. Her appeal is ordered reinstated.

Pursuant to the modified timetable, the record is due by May 17, 1989.